UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ERIC S. HENRY,

    Plaintiff,

v.

GERALD P. LITTLE, BRADLEY A. DUNHAM, and ANDREW D. BEAUDRY,

    Defendants.

Case No. 5:21-cv-12171
District Judge Judith E. Levy
Magistrate Judge Kimberly G. Altman

_____/

## REPORT AND RECOMMENDATION ON PLAINTIFF'S MOTION FOR DEFAULT JUDGMENT (ECF No. 11)[1]

I.    Introduction

This is a case challenging a federal mask mandate by an officer with the United States Customs and Border Patrol. Plaintiff Eric S. Henry (Henry), proceeding *pro se*, filed a complaint against Gerald P. Little, Port Director at the Blue Water Bridge Port-of-Entry, Bradley A. Dunham, Watch Commander at the Blue Water Bridge Port-of-Entry, and Andrew D. Beaudry, Chief at the Blue Water Bridge Port-of-Entry (collectively, Defendants). Under 28 U.S.C. §

---

[1] Upon review of the parties' papers, the Court deems this matter appropriate for decision without oral argument. *See* Fed. R. Civ. P. 78(b); E.D. Mich. LR 7.1(f)(2).

1

636(b)(1), all pretrial matters have been referred to the undersigned. (ECF No. 13). Before the Court is Henry's motion for entry of a default judgment (ECF. No. 11), to which Defendants have responded (ECF No. 17). For the reasons set forth below, the undersigned RECOMMENDS that the motion for default judgment be DENIED.

## II. Background

On September 16, 2021, Henry filed his complaint challenging enforcement of the mask mandate after he raised a religious objection to the mandate at work. (ECF No. 1). According to Henry's proof of service, he mailed a copy of the summons and complaint to the United States Attorney on October 1, 2021, and it arrived on October 5, 2021. (ECF No. 8, PageID.46). Counsel filed an appearance on behalf of Defendants on October 12, 2021. (ECF No. 4).

On December 1, 2021, Henry filed the instant motion for entry of default judgment, stating that "Defendants failed to respect the court summons and answer or move the court for any course of action." (ECF No. 11, PageID.53). As authority for his motion, Henry cites Title VII. He further says that "management" did not honor his request for a religious exemption from the mask mandate and forced him to use his personal leave. (*Id.*, PageID.54-55).

On December 2, 2021, Defendants filed a motion to dismiss or summary judgment. (ECF No. 12). Henry has responded to the motion (ECF No. 16) and Defendants have replied. (ECF. 18).[2]

### III. Discussion

The United States and its officers and employees, such as Defendants, have 60 days to respond to a complaint after service on the United States Attorney. *See* Fed. R. Civ. P. 12(a)(2). As noted above, according to Henry's proof of service, he mailed a copy of the summons and complaint to the United States Attorney on October 1, 2021. (ECF No. 8, PageID.46). Under Federal Rule of Civil Procedure 5(b)(2)(C), service by mail is "complete upon mailing." However, under Federal Rule of Civil Procedure 6(d), when service is made by mail, 3 days are added to the period in which a response is due.

Therefore, assuming that the summons and complaint were mailed on October 1, 2021, Defendants were required to answer or otherwise respond to the complaint on or before December 3, 2021. *See* Fed. R. Civ. P. 6(d) and 12(a)(2). Defendants filed their motion to dismiss on December 2, 2021, which is considered a response to Henry's complaint. As such, Defendants' did not default but rather timely responded to the complaint.

---

[2] Defendants' motion will be the subject of a separate report and recommendation.

Further, the law is clear that a clerk's entry of a default under Federal Rule of Civil Procedure 55(a) is a prerequisite to entry of a default judgment under Federal Rule of Civil Procedure 55(b). *See Lewis v. Detroit Pub. Sch.*, No. 12-11851, 2013 WL 5785777, at *2 (E.D. Mich. May 6, 2013), *report and recommendation adopted*, 2013 WL 5785776 (E.D. Mich. Oct. 28, 2013); *Colston v. Cramer*, No. 07-CV-12726, 2008 WL 559579, at *2 (E.D. Mich. Feb. 26, 2008) (noting that the court follows "the majority of courts" holding that Rule 55 "requires a clerk's entry of default before a court can enter a default judgment."). Here, there is no clerk's entry of default against Defendants. Thus, even if Defendants failed to timely respond to Henry's complaint, it would be inappropriate to grant his motion for default judgment.

IV. Conclusion

For the reasons stated above, the undersigned RECOMMENDS that Henry's motion for default judgment be DENIED.

Dated: January 6, 2022  s/Kimberly G. Altman
Detroit, Michigan  KIMBERLY G. ALTMAN
 United States Magistrate Judge

**NOTICE TO PARTIES REGARDING OBJECTIONS**

The parties to this action may object to and seek review of this Report and Recommendation. Any objections must be filed within 14 days of service, as provided for in Federal Rule of Civil Procedure 72(b)(2) and Local Rule 72.1(d).

4

Failure to file specific objections constitutes a waiver of any further right of appeal. *Thomas v. Arn*, 474 U.S. 140, 144 (1985); *Howard v. Sec'y of Health & Human Servs.*, 932 F.2d 505, 508 (6th Cir. 1991). Filing objections that raise some issues but fail to raise others with specificity will not preserve all the objections a party might have to this Report and Recommendation. *Willis v. Sec'y of Health & Human Servs.*, 931 F.2d 390, 401 (6th Cir. 1991); *Smith v. Detroit Fed'n of Teachers, Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987). Under Local Rule 72.1(d)(2), any objections must be served on this Magistrate Judge.

Any objections must be labeled as "Objection No. 1," and "Objection No. 2," etc. Any objection must recite precisely the provision of this Report and Recommendation to which it pertains. Not later than 14 days after service of an objection, the opposing party may file a concise response proportionate to the objections in length and complexity. Fed. R. Civ. P. 72(b)(2); E.D. Mich. LR 72.1(d). The response must specifically address each issue raised in the objections, in the same order, and labeled as "Response to Objection No. 1," "Response to Objection No. 2," etc. If the court determines that any objections are without merit, it may rule without awaiting the response.

## CERTIFICATE OF SERVICE

      The undersigned certifies that the foregoing document was served upon counsel of record and any unrepresented parties via the Court's ECF System to their respective email or First Class U.S. mail addresses disclosed on the Notice of Electronic Filing on January 7, 2022.

                                        s/Carolyn Ciesla
                                        CAROLYN CIESLA
                                        Case Manager