UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ERIC S. HENRY,

    Plaintiff,

v.

GERALD P. LITTLE,
BRADLEY A. DUNHAM, and
ANDREW D. BEAUDRY,

    Defendants.
_____/

Case No. 5:21-cv-12171

District Judge Judith E. Levy
Magistrate Judge Kimberly G. Altman

**MEMORANDUM AND ORDER
DENYING PLAINTIFF'S MOTION FOR JUDICIAL NOTICE (ECF No. 21)
AND MOTION TO COMPEL DISCOVERY (ECF. No. 22)**

I.    Introduction

This is a civil rights case challenging a federal mask mandate by an officer with the United States Customs and Border Patrol ("CBP") working at the Blue Water Bridge port of entry in Port Huron, Michigan. Before the Court is Plaintiff Eric S. Henry's Motion for Judicial Notice (ECF No. 21) and Motion to Compel (ECF No. 22). For the reasons that follow, the motions will be DENIED.[1]

---

[1] The undersigned has issued a report and recommendation, recommending that the case be dismissed without prejudice for failure to exhaust. If this recommendation is adopted, both of Henry's motions could also be denied as moot.

1

II. Motion for Judicial Notice

In his motion for judicial notice, Henry requests that "the Court order [a] Judicial Notice that neither Department of Homeland Security nor Customs and Border Protection policy outweigh or in any way supersede Federal Civil Rights Law." (ECF No. 21, PageID.119). In response, Defendants correctly note that " 'judicial notice is generally not the appropriate means to establish the legal principles governing the case.' " (ECF No. 24, PageID.140) (quoting *Toth v. Grand Trunk R.R.*, 306 F.3d 335, 349 (6th Cir. 2002)). Defendants also cite Fed. R. Evid. 201(b) which states that a court may only take judicial notice of a fact "that is not subject to reasonable dispute." (*Id.*, PageID.141).

Aside from the fact that the concept of "judicial notice" is an inappropriate means for establishing legal principles, it is far from clear that the CBP is required to accommodate Henry's request for a religious accommodation. As discussed in my Report and Recommendation to dismiss the case, Henry's claim that his refusal to wear a mask is based on a sincere religious belief is at best undeveloped. Even assuming he could establish a prima facie case of religious discrimination for a reasonable accommodation, it could be shown that the proposed accommodation created an "undue hardship" for his employer. 42 U.S.C. § 2000e(j). Henry's request for a finding that his desired religious accommodation automatically trumps CBP policy guidelines must therefore be denied.

### III. Motion to Compel

In his motion to compel, Henry asks Defendants "to submit all emails, letters, and direct/instant messages and make themselves available for formal depositions for testimony . . ." (ECF No. 22, PageID.126). Local Rule 37.2 of the Eastern District of Michigan governs discovery motions. That rule provides:

> Any discovery motion filed pursuant to Fed. R. Civ. P. 26 through 37, shall include, in the motion itself or in an attached memorandum, a verbatim recitation of each interrogatory, request, answer, response, and objection which is the subject of the motion or a copy of the actual discovery document which is the subject of the motion.

E.D. Mich. LR 37.2.

Henry did not comply with this rule. "Rule 37.2 is not merely a technicality." *Davis-Bey v. City of Warren*, No. 16-cv-11707, 2017 WL 6523645, *3 (E.D. Mich. Dec. 21, 2017). The rule is critical because "[t]he Court cannot address a motion to compel without knowing: (1) the date on which the requests were served, (2) that the requests were served on the proper person(s), (3) the exact language of the requests, and (4) the opponent's responses and objections to the requests." *Id*. Here, the Court has none of the pertinent information necessary to address a motion to compel. Moreover, Henry has failed to serve his discovery requests on Defendants as required by Rule 34(b)(2). (ECF No. 25, PageID.147). Thus, Henry's motion to compel must be denied.

III.   Conclusion

For the reasons stated above, Henry's Motion for Judicial Notice (ECF No. 21) and Motion to Compel Discovery (ECF No. 22) are DENIED.

SO ORDERED.

Dated: March 29, 2022　　　　　　　　　　　　s/Kimberly G. Altman
Detroit, Michigan　　　　　　　　　　　　　　KIMBERLY G. ALTMAN
　　　　　　　　　　　　　　　　　　　　　　United States Magistrate Judge

The parties' attention is drawn to Fed. R. Civ. P. 72(a), which provides a period of fourteen (14) days from the date of receipt of a copy of this order within which to file objections for consideration by the district judge under 28 U.S.C. § 636(b)(1).

## CERTIFICATE OF SERVICE

The undersigned certifies that the foregoing document was served upon counsel of record and any unrepresented parties via the Court's ECF System to their respective email or First Class U.S. mail addresses disclosed on the Notice of Electronic Filing on March 29, 2022.

　　　　　　　　　　　　　　　　　　　　　　s/Carolyn M. Ciesla
　　　　　　　　　　　　　　　　　　　　　　CAROLYN M. CIESLA