UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ERIC S. HENRY,

    Plaintiff,

v.

GERALD P. LITTLE,
BRADLEY A. DUNHAM, and
ANDREW D. BEAUDRY,

    Defendants.
_____/

Case No. 5:21-cv-12171

District Judge Judith E. Levy
Magistrate Judge Kimberly G. Altman

## REPORT AND RECOMMENDATION ON DEFENDANTS' MOTION TO DISMISS AND/OR FOR SUMMARY JUDGMENT (ECF No. 12)

I.    Introduction

This is a civil rights case challenging a federal mask mandate by an officer with the United States Customs and Border Patrol ("CBP") working at the Blue Water Bridge port of entry in Port Huron, Michigan. Plaintiff Eric S. Henry filed a *pro se* complaint against Gerald P. Little, Port Director at the Blue Water Bridge Port-of-Entry, Bradley A. Dunham, Watch Commander at the Blue Water Bridge Port-of-Entry, and Andrew D. Beaudry, Chief at the Blue Water Bridge Port-of-Entry (collectively, Defendants) claiming violations of Title VII of the Civil Rights

1

Act of 1964, 42 U.S.C. § 2000e, *et seq.* In broad terms, Henry objected to having to wear a mask and an impending COVID-19 vaccine or testing requirement and sought an exemption on religious grounds. He filed a complaint seeking some monetary relief in the form of back pay and being presented with "a fully vested retirement package." He also seeks injunctive relief in the form of having "his religious freedoms respected" by not having to wear a mask and being placed on paid administrative leave rather than unpaid leave. *See* ECF No. 1, Page.ID.6; ECF No. 16, PageID.80. Under 28 U.S.C. § 636(b)(1), all pretrial matters have been referred to the undersigned. (ECF No. 13).

Before the Court is Defendants' motion to dismiss and/or for summary judgment (ECF No. 12).[1] For the reasons discussed below, the undersigned RECOMMENDS the defendant's motion to dismiss be GRANTED on the grounds that Henry has failed to exhaust his administrative remedies.[2]

## II.  Background

The relevant facts as alleged in the complaint are as follows:

---

[1] Previously, Henry filed a motion for default judgment. (ECF No. 11). The undersigned issued a report and recommendation, recommending that the motion be denied. (ECF No. 19). The recommendation was adopted without objection from either party. (ECF No. 20).

[2] Henry also filed a motion for judicial notice (ECF No. 21) and motion to compel discovery (ECF No. 22) which are the subject of a separate order.

Henry alleges that on August 27, 2021, he was informed by Little via email that in addition to the mask requirement, an executive order requiring vaccination or regular testing would be implemented in November 2021. The next day, Henry reached out to Little, seeking a religious exemption from the mask mandate and the impending vaccine and testing requirements. (ECF No. 1, PageID.8-9).

On September 3, 2021, Beaudry acknowledged the religious exemption/accommodation request by email. (*Id*., PageID.12). Beaudry and Dunham informed Henry that they would be his points of contact as Henry's request was processed by CBP's Privacy and Diversity and Reasonable Accommodation Offices ("PDO"). (*Id*.). Beaudry informed Henry that no temporary accommodation was available while the request for accommodation was pending. (*Id*.). Until such determination, Henry was given the choice of wearing a mask, requesting annual leave, or requesting leave without pay. (*Id*., PageID.12). Henry was informed that his annual leave would expire in the middle of his September 17, 2021 shift. (*Id*.).

Following a September 14, 2022 telephone conversation and follow-up email by Beaudry, Henry responded by email the same day, stating that he "never requested annual leave," but instead was ordered "to go home and remain there until further word from management." (*Id*., PageID.10). Henry indicated that the time off ought to have been categorized as administrative leave rather that annual

3

leave and that he had been unfairly forced to have "burned" through his annual leave, which was "not acceptable, fair, or tolerable" to himself or his family. (*Id.*). Henry proposed because he was within three years and ten months of retirement, that he be permitted to immediately separate from service by way of a "fully vested retirement," or to telework or work in an environment isolated from others. (*Id.*).

### III. Legal Standards

#### A. Rule 12(b)(6)

When deciding a motion to dismiss under Rule 12(b)(6), the Court must "construe the complaint in the light most favorable to plaintiff and accept all allegations as true." *Keys v. Humana, Inc.*, 684 F.3d 605, 608 (6th Cir. 2012). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotation omitted); *see also Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (concluding that a plausible claim need not contain "detailed factual allegations," but it must contain more than "labels and conclusions" or "a formulaic recitation of the elements of a cause of action ..."). Facial plausibility is established "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678 (citation omitted). "The plausibility of an inference depends on a host of considerations, including common

sense and the strength of competing explanations for the defendant's conduct." *16630 Southfield Ltd., P'Ship v. Flagstar Bank, F.S.B.*, 727 F.3d 502, 503 (6th Cir. 2013).

## B. Rule 56

Under Rule 56, "[t]he court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). A fact is material if it might affect the outcome of the case under governing law. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). The court "views the evidence, all facts, and any inferences that may be drawn from the facts in the light most favorable to the nonmoving party." *Pure Tech Sys., Inc. v. Mt. Hawley Ins. Co.*, 95 F. App'x 132, 135 (6th Cir. 2004).

"The moving party has the initial burden of proving that no genuine issue of material fact exists. . . ." *Stansberry v. Air Wis. Airlines Corp.*, 651 F.3d 482, 486 (6th Cir. 2011) (internal quotations omitted); cf. Fed. R. Civ. P. 56(e)(2) (providing that if a party "fails to properly address another party's assertion of fact," the court may "consider the fact undisputed for purposes of the motion"). "Once the moving party satisfies its burden, 'the burden shifts to the nonmoving party to set forth specific facts showing a triable issue.'" *Wrench LLC v. Taco Bell Corp.*, 256 F.3d

446, 453 (6th Cir. 2001) (citing *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986)).

The fact that Henry is *pro se* does not reduce his obligations under Rule 56. Rather, "liberal treatment of pro se pleadings does not require lenient treatment of substantive law." *Durante v. Fairlane Town Ctr.*, 201 F. App'x 338, 344 (6th Cir. 2006). In addition, "[o]nce a case has progressed to the summary judgment stage, . . . 'the liberal pleading standards under *Swierkiewicz* [*v. Sorema, N.A.*, 534 U.S. 506, 512-13 (2002)] and [the Federal Rules] are inapplicable.' " *Tucker v. Union of Needletrades, Indus., & Textile Employees*, 407 F.3d 784, 788 (6th Cir. 2005) (quoting *Gilmour v. Gates, McDonald & Co.*, 382 F.3d 1312, 1315 (11th Cir. 2004)).

## IV. Discussion

### A. Overview

Defendants make three arguments in favor of dismissal. First, they argue that Little's claims against them in their official capacities should be dismissed for lack of subject matter jurisdiction, explaining that under Title VII, " 'the head of the department, agency, or unit, as appropriate, shall be the defendant,' " and noting that none of the three current named individuals are proper defendants. (ECF No. 12, PageID.68) (quoting *Hancock v. Egger*, 848 F.2d 87, 88 (6th Cir. 1988)). Second, they argue that Henry failed to exhaust his administrative

remedies. Finally, Defendants argue that Henry has failed to state a claim upon which relief can be granted, arguing that his current status on unpaid leave does not constitute discharge or discipline as required for a prima facie case of religious discrimination.

In response, Henry argues that subject matter jurisdiction is present because this is a Title VII case, "not an equal employment opportunity commission case at this point." (ECF No. 16, PageID.83). As to Defendants' argument that he did not exhaust his administrative remedies, he contends that when he was "ordered to go home, my administrative means became irrelevant." (*Id.*, PageID.80, 84). He contends that being ordered to leave work and use his annual leave time constitutes "punishment." (*Id.*, PageID.80).

As will be explained, the record, as supplemented,[3] shows that Henry has not exhausted his administrative remedies. As such, undersigned recommends that Defendants' motion for summary judgment be granted on this ground, dismissing the action without prejudice. *See Seifu v. Postmaster Gen., U.S. Postal Serv.*, No. 1:19-CV-572, 2020 WL 2085197, at *5 (S.D. Ohio Apr. 30, 2020) (citing *Augustus*

---

[3]The undersigned directed Defendants to file a supplemental brief regarding exhaustion. (ECF No. 23). Defendants filed the supplemental brief with supporting exhibits as ordered. (ECF No. 26). The undersigned has also reviewed Henry's response and addendum to Defendants' supplemental brief. (ECF Nos. 27-28, 28-1-3).

7

*v. Locke*, 699 F.Supp.2d 65, 69 (D.D.C. 2010)) ("failure to exhaust under summary judgment standard rather than motion to dismiss standard in order to consider evidence outside of the pleadings"); *Roberts v. United States*, 191 F. App'x 338, 341, 2006 Fed. App. 0452N, 2006 WL 1866858, at *2 (6th Cir. 2006) ("Because there was no dispute that Roberts had not exhausted her administrative remedies, the district court dismissed the case without prejudice."); *Diamond v. U.S. Postal Serv.*, 29 F. App'x 207, 213 (6th Cir. 2002) ("[T]o the extent that [the plaintiff] is currently attempting to assert [unexhausted claims] they are therefore dismissed without prejudice.").[4]

---

[4] The deficiencies in Henry's complaint which form the bases of Defendants' first and third arguments may arguably be cured by amending the complaint. As to the argument that Henry, proceeding *pro se*, sued the wrong individuals, Henry could be permitted to add the proper defendant by way of amendment. Likewise, as to the argument that Henry has failed to state a claim on which relief could be granted, he could further develop his claim that the refusal to wear a mask is based on a sincere religious belief and his status on unpaid leave constitutes "discharge or discipline" as required for a prima facie case of religious discrimination. *See Coats v. McDonough*, No. 3:20-CV-00298, 2021 WL 5846550, at *13 (M.D. Tenn. Dec. 9, 2021) (quoting *Blick v. Ann Arbor Pub. Sch. Dist.*, 516 F. Supp. 3d 711, 722 (E.D. Mich. 2021) (Court "needs to give Plaintiff an opportunity to amend her complaint to 'allege sufficient factual content to make a claim for relief [under a Title VII race discrimination theory] plausible.' ") (Brackets in original)).

However, allowing such amendments would put the case back at "square one;" curing the current deficiencies in Henry's complaint would still require dismissal based on Henry's failure to exhaust his administrative remedies. Thus, judicial economy favors dismissing Henry's complaint without prejudice for failure to exhaust. As such, the undersigned will not address Defendants' first and third arguments.

B.     Exhaustion

Henry's argument that his Title VII action does not require the exhaustion of the equal employment opportunity ("EEO") administrative prerequisites does not carry the day. It is well-settled that "[t]he right to bring an action under Title VII regarding equal employment opportunity in the federal government is predicated upon the timely exhaustion of administrative remedies, as set forth in the EEOC regulations." *Benford v. Frank,* 943 F.2d 609, 612 (6th Cir. 1991). "This requirement exists so that the EEOC will have an opportunity to convince the parties to enter into voluntary settlement, which is the preferred means of disposing of such claims." *Randolph v. Ohio Dep't of Youth Servs.*, 453 F.3d 724, 731 (6th Cir. 2006).

Defendants are correct that by any measure, Henry's August 27, 2021 letter, without more, does not constitute exhaustion of his administrative remedies which permits the filing of a civil action only after "final action taken by a department, agency, or unit . . . or by the Equal Employment Opportunity Commission upon an appeal from a decision or order of such department, agency, or unit on a complaint of discrimination . . . ." 42 U.S.C. § 2000e-16(c). (ECF No. 26, PageID.153). On September 20, 2021, Little issued a letter in response to Henry's August 27, 2021 request, stating that his request to remain unmasked "as it relates to your duties as a CBP Officer negatively impacts the CBP mission and jeopardizes the health and

9

safety of other employees and the traveling public." (ECF No. 26-2, PageID.163). The request to remain unmasked was denied and Henry was instructed to "report to work and . . . follow PPE requirements." (*Id.*). The letter stated that Henry could appeal the decision to the Executive Director of the PDO of CBP; file a grievance within 45 days under the National Collective Bargaining Agreement pertaining to employees of CPB; or file an EEO discrimination complaint within 45 days. (*Id.*, PageID.164). The letter provided physical addresses for pursuing all three options as well as email links for either appealing Little's decision or filing an EEO grievance. (*Id.*).[5]

Defendants' exhibits show that Henry took none of these actions. On March 17, 2022, Darlene M. Sedwick, Director of Diversity and EEO Division, PDO of CBP states that there is "no record" of Henry having filed an appeal of Little's September 20, 2021 decision which would have resulted in a final decision of the PDO Executive Director. (ECF No. 26-1, PageID.159), ¶¶ 4, 6. Likewise, on March 16, 2022, Joseph L. Vittorini, current Chief U.S. CBP Officer at the Area

---

[5] "Administrative exhaustion requirements for federal employees include: consultation with an EEO counselor within forty-five days of the allegedly discriminatory incident, 29 C.F.R. § 1614.105(a)(1); filing an individual complaint of discrimination with the allegedly discriminatory agency, 29 C.F.R. § 1614.106(a); and receipt of a final agency decision, 29 C.F.R. § 1614.110(a)." *Lockett v. Potter*, 259 F. App'x 784, 786, 2008 WL 111023, at *1 (6th Cir. 2008).

Port of Port Huron, Michigan states that as of that date, the Port Huron station has no record of a grievance by Henry filed pursuant to the National Collective Bargaining Agreement or an EEO grievance. (ECF No. 26-3, PageID.165), ¶¶ 3-4. More fundamentally, Henry has acknowledged that he did not make any effort to exhaust his administrative remedies and in fact, filed the present action four days before Little denied his religious accommodation on September 16, 2021.[6]

Moreover, Henry cannot show that the exhaustion process was futile or that his August 27, 2021 request amounted to a *de facto* exhaustion of his administrative remedies. He offers no support for the claim that because he was "ordered home" after refusing to wear a mask, his administrative remedies became "irrelevant." His unpaid leave status did not prevent him from availing himself of the exhaustion process by mail, telephone, or the internet. "Procedural requirements established by Congress for gaining access to the federal courts are

---

[6] In response to Defendants' supplemental briefing, Henry argues somewhat confusingly that Defendants' arguments "seem to center on defending against a Title VII . . . EEOC claim" but that the present action "was initiated to get a court order to stop [their] violations of [his] rights." (ECF No. 27, PageID.168) (internal brackets omitted). However, in the next paragraph he acknowledges that by filing suit, he "claimed [his] religious rights as guaranteed under Title VII." (*Id.*, PageID.168-169). In his "Addendum" to the response to the supplemental brief, he states that "[he does] not seek a Title VII [EEOC] fight today," apparently seeking to draw a distinction between his Title VII claim and an EEOC action. (ECF No. 28-1, PageID.173). Regardless of however Henry seeks to characterize his Title VII action, he was required to exhaust his administrative remedies before filing suit.

not to be disregarded by courts out of a vague sympathy for particular litigants." *Baldwin Cty. Welcome Ctr. v. Brown*, 466 U.S. 147, 152 (1984). "[I]n the long run, experience teaches that strict adherence to the procedural requirements specified by the legislature is the best guarantee of evenhanded administration of the law." *Id.* (Internal citation omitted).

Because the record shows that Henry has not exhausted his administrative remedies, his complaint should be dismissed without prejudice.

C. Injunctive Relief

Exhaustion aside, Henry asks that he be replaced on administrative leave rather than unpaid leave "until the processing of [his] claims through CBP channels is completed . . ." (ECF No. 1, PageID.6). He asks that his annual leave time leave time be restored. (*Id.*). He asks that his "religious freedoms [be] respected by [his] employer." (*Id.*). These requests are in essence seeking injunctive relief. Although Henry's claims are unexhausted, this does not prevent the court from considering the claims for injunctive relief based on the alleged civil rights violation. *See O'Hailpin v. Hawaiian Airlines, Inc.,* --- F. Supp. 3d ---, 2022 WL 314155, at *9 (D. Haw. Feb. 2, 2022) (Within court's power to "issue injunctive relief before Plaintiffs exhausted their administrative remedies . . .").

Henry's request for injunctive relief is construed as a motion for preliminary injunction. A preliminary injunction is "an extraordinary remedy that may only be awarded upon a clear showing that the plaintiff is entitled to such relief." *Winter v. Nat. Res. Def. Council, Inc.*, 555 U.S. 7, 22 (2008) (citation omitted). A plaintiff bears the burden of demonstrating entitlement to preliminary injunctive relief. *Leary v. Daeschner*, 228 F.3d 729, 739 (6th Cir. 2000). Such relief will only be granted where "the movant carries his or her burden of proving that the circumstances clearly demand it." *Overstreet v. Lexington-Fayette Urban Cnty. Gov't*, 305 F.3d 566, 573 (6th Cir. 2002). When considering a motion for injunctive relief, the Court must balance the following factors: (1) whether the movant has a strong likelihood of success on the merits; (2) whether the movant would suffer irreparable injury absent preliminary injunctive relief; (3) whether granting the preliminary injunctive relief would cause substantial harm to others; and (4) whether the public interest would be served by granting the preliminary injunctive relief. *Certified Restoration Dry Cleaning Network*, 511 F.3d 540, 542 (6th Cir. 2007). "Mere injuries, however substantial, are not enough. Rather, 'the harm alleged must be both certain and immediate, rather than speculative or theoretical.'" *Hudson v. Caruso*, 748 F. Supp. 2d 721, 730 (W.D. Mich. 2010) (quoting *Michigan Coalition of Radioactive Material Users, Inc. v. Griepentrog*, 945 F.2d 150, 154 (6th Cir. 1991)). "This is because the preliminary injunction is

an extraordinary remedy involving the exercise of a very far-reaching power, which is to be applied only in [the] limited circumstances which clearly demand it." *Leary*, 228 F.3d at 739 (internal quotation marks and citation omitted, alteration in original).

Henry has not established that he is entitled to injunctive relief regarding the unexhausted Title VII claim. First, he has not shown that he will be irreparably harmed if his requested injunctive relief is not granted. Henry states that his status on unpaid administrative leave prevents him for "provid[ing] financially" for his family. (ECF No. 27, PageID.169). However, it is well settled that "[i]n the employment context, discharge and its associated consequences do not ordinarily constitute irreparable harm, no matter how 'severely they may affect a particular individual.' " *O'Hailpin, supra* at *5 (quoting *Sampson v. Murray*, 415 U.S. 61, 92 n.68 (1974)). In *O'Hailpin*, the court considered but rejected the plaintiffs' request for injunctive relief regarding their unexhausted Title VII claims, finding that "[i]n cases involving vaccine policies, courts have consistently found that a loss of employment is not irreparable harm." *Id.* (citing *Bauer v. Summey*, --- F. Supp. 3d ---, 2021 WL 4900922, at *18 (D.S.C. Oct. 21, 2021) ("loss of employment is not 'an irreparable injury because it is fully compensable by monetary damages.'")); *see also Beckerich v. St. Elizabeth Med. Ctr.,* 2021 WL 4398027, at *6 (E.D. Ky. Sept. 24, 2021), reconsideration denied, No. CV 21-105-

DLB-EBA, 2021 WL 4722915 (E.D. Ky. Sept. 30, 2021) (citing *Hayes v. City of Memphis*, 73 F. App'x 140, 141 (6th Cir. 2003) ("Loss of employment is not irreparable because it is fully compensable by monetary damages. . . . In fact, wrongful termination claims exist for that very reason—whether brought under the ADA, Title VII, or some other state or federal law, a wrongfully terminated plaintiff can receive monetary damages to compensate their loss of employment.").[7] Likewise, Henry's current status on unpaid leave, while undoubtedly inconvenient, can be compensated by monetary damages if he were to prevail.

Further, based on the current, relatively undeveloped complaint, Henry cannot show a likelihood of success on the merits sufficient to grant injunctive relief. To establish a prima facie case of religious discrimination for a reasonable accommodation claim, a plaintiff must show that "(1) []he holds a sincere religious

---

[7] *But see Sambrano v. United Airlines, Inc.*, No. 21-11159, 2022 WL 486610, at *9 (5th Cir. Feb. 17, 2022) (finding "substantial likelihood of irreparable injury" of placing employees refusing Covid-19 vaccines on unpaid leave). Putting aside *Sambrano* that is an out-of-Circuit and unpublished decision, the majority was careful to limit its holding to the facts of the case. As noted in the dissent, "[T]he majority declares that its unsigned writing will apply to these parties only. By stripping its judgment of precedential effect, the majority all but admits that its screed could not survive the scrutiny of the en banc court." *Id*. at *10. *Sambrano's* holding is limited to whether being placed on unpaid leave for refusing a Covid-19 vaccine could constitute an irreparable injury. Here, by contrast, Henry's leave began after he refused to wear a mask at work.

belief that conflicts with an employment requirement; (2) []he has informed the employer about the conflict; and (3) [t]he was discharged or disciplined for failing to comply with the conflicting employment requirement.' " *Lively v. Kroger Co. of Michigan*, No. 19-12961, 2021 WL 791024, at *5 (E.D. Mich. Mar. 2, 2021) (Michelson, J.) (quoting *Reed v. Int'l Union, United Auto., Aerospace & Agr. Implement Workers of Am.*, 569 F.3d 576, 579 (6th Cir. 2009)).

Henry's claim that he "was given sole proprietorship of [his] physical body" based on his religious beliefs and his refusal to undergo "medical treatment, testing, or experimentation" does not satisfactorily account for his refusal to simply put on a mask while at work which is the reason that he was placed on leave. (ECF No. 1, PageID.8). *See Federoff v. Geisinger Clinic*, No. 4:21-CV-01903, --- F.Supp.3d ---, 2021 WL 5494289, at *9 (M.D. Pa. Nov. 23, 2021) (Rejecting plaintiffs' request for injunctive relief on unexhausted Title VII claims - "vague assertions" of a religious basis to resist Covid-19 testing and vaccination "would not give this Court enough to go on"). Even assuming that Henry could show that his refusal to wear a mask is based on a sincere religious belief, it is far from established that making an accommodation for him would not result in "undue hardship" for his employer. 42 U.S.C. § 2000e(j). *See Stanley v. ExpressJet Airlines, Inc.*, 808 F. App'x 351, 356, 2020 WL 1698963 (6th Cir. 2020), *cert. denied,* 141 S. Ct. 1058, 208 L. Ed. 2d 524, 2021 WL 78128 (2021) ("In order to

escape liability, the employer must show that the accommodation would create an 'undue hardship.' "). "[A] Title VII claim cannot be decided unless a court determines whether the accommodation would in fact impose an undue hardship." *Id.* Little's September 20, 2021 letter states that Henry's request to remain unmasked "as it relates to [his] duties as a CBP Officer negatively impacts the CBP mission and jeopardizes the health and safety of other employees and the traveling public." (ECF No. 26-2, PageID.163). "A religious accommodation that creates a genuine safety or security risk can undoubtedly constitute an undue hardship" for the employer. *E.E.O.C. v. GEO Grp., Inc.*, 616 F.3d 265, 273 (3rd Cir. 2010). The question of whether Henry is entitled to the requested accommodation, at best, remains unsettled.

    Although Henry's failure to show irreparable harm resulting from his status on unpaid leave, with nothing more, defeats his request for injunctive relief, the final two factors in determining whether to grant injunctive relief also tip in favor of denial. Little's conclusion that allowing Henry to remain unmasked at work "jeopardizes the health and safety of other employees and the traveling public" indicates that granting injunctive relief could cause substantial harm to others; and that the public interest would not be served by granting the preliminary injunctive relief. *Certified Restoration Dry Cleaning Network, supra,* 511 F.3d at 542. Accordingly, Henry's request for injunctive relief should be denied.

V.  Conclusion

For the reasons stated above, it is RECOMMENDED that the Defendants' Motion to Dismiss and/or Motion for Summary Judgment (ECF No. 12) be GRANTED and that the case be DISMISSED WITHOUT PREJUDICE.

Dated: March 29, 2022  s/Kimberly G. Altman
Detroit, Michigan  KIMBERLY G. ALTMAN
 United States Magistrate Judge

### NOTICE TO PARTIES REGARDING OBJECTIONS

The parties to this action may object to and seek review of this Report and Recommendation. Any objections must be filed within 14 days of service, as provided for in Federal Rule of Civil Procedure 72(b)(2) and Local Rule 72.1(d). Failure to file specific objections constitutes a waiver of any further right of appeal. *Thomas v. Arn*, 474 U.S. 140, 144 (1985); *Howard v. Sec'y of Health & Human Servs.*, 932 F.2d 505, 508 (6th Cir. 1991). Filing objections that raise some issues but fail to raise others with specificity will not preserve all the objections a party might have to this Report and Recommendation. *Willis v. Sec'y of Health & Human Servs.*, 931 F.2d 390, 401 (6th Cir. 1991); *Smith v. Detroit Fed'n of*

*Teachers, Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987). Under Local Rule 72.1(d)(2), any objections must be served on this Magistrate Judge.

Any objections must be labeled as "Objection No. 1," and "Objection No. 2," etc. Any objection must recite precisely the provision of this Report and Recommendation to which it pertains. Not later than 14 days after service of an objection, the opposing party may file a concise response proportionate to the objections in length and complexity. Fed. R. Civ. P. 72(b)(2); E.D. Mich. LR 72.1(d). The response must specifically address each issue raised in the objections, in the same order, and labeled as "Response to Objection No. 1," "Response to Objection No. 2," etc. If the Court determines that any objections are without merit, it may rule without awaiting the response.

## CERTIFICATE OF SERVICE

The undersigned certifies that the foregoing document was served upon counsel of record and any unrepresented parties via the Court's ECF System to their respective email or First Class U.S. mail addresses disclosed on the Notice of Electronic Filing on March 29, 2022.

s/Carolyn M. Ciesla<br>
CAROLYN M. CIESLA<br>
Case Manager